EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EFRAÍN LEBRÓN LÓPEZ, acusado y apelante.

*Número:* CR-64-216        *Resuelto:* 19 de abril de 1965

*López Carrillo & Cruz,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *Manuel Tirado Viera, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: El apelante fue acusado de asesinato en primer grado, atentado a la vida y explosivos, ante la Sala de Humacao del Tribunal Superior. El 10 de marzo de 1964 sus abogados renunciaron la representación legal. En 12 de marzo la Sala, con vista a dicha renuncia, ordenó la comparecencia del apelante el día 20 de marzo de 1964 para que informara al Tribunal qué abogado lo representaría en la vista en los méritos del caso señalada para el 18 de mayo de 1964. El 20 de marzo compareció el apelante y pidió al Tribunal un término para contratar los servicios de abogado y el Tribunal le concedió hasta el 1ro. de mayo de 1964 a ese efecto.

En 13 de abril de 1964 el apelante, por derecho propio, radicó moción fundamentada para que se desestimara la acusación, en la que planteaba cuestiones constitucionales. A los

efectos de la vista de dicha moción y otras señaladas para el 27 de abril, a petición del fiscal se le nombró abogado de oficio al apelante. Éste radicó un escrito en esa fecha oponiéndose a dicho nombramiento sin haber sido oído. Vista la moción para desestimar en abril 27, la misma fue declarada sin lugar. Se dispuso que el abogado de oficio representaría al apelante en otras mociones a discutirse el 1ro. de mayo, y que en esta fecha, el apelante notificaría al Tribunal el abogado que lo habría de representar en los méritos de las causas.

El 1ro. de mayo de 1964 tuvieron lugar los siguientes procedimientos de acuerdo con la transcripción taquigráfica de los mismos:

"La Corte: En primer lugar, Efraín, yo quisiera saber, o el Tribunal desea saber quién es el abogado que lo va a representar en la vista de los casos.

"El Acusado: Vuestro Honor, esta Corte antes de concluirse el término que el mismo Tribunal me dio para conseguir un abogado, me nombró la Lcda. Treviño para estos casos y después apelé de esa decisión. Por lo tanto, queda en pie la orden del Tribunal de que la Lcda. Treviño. . .

"La Corte: No, señor. Su Señoría está equivocado. El Tribunal le dijo a Su Señoría que con motivo de esas mociones que se habían presentado, entre ellas, la que presentó para esas mociones, se le señalaba la Lcda. Treviño, y el Tribunal le fijó para el día de hoy decir qué abogado lo iba a representar en la vista de los casos y en su fondo, porque Ud. anteriormente tuvo varios abogados, entre ellos tuvo a Ramos Cabán, perdone, Ramos Cabán, quien renunció. Después a Peña Clos y al Lcdo. Peña Clos con Gelpí y también la Lcda. Treviño intervino en el Tribunal en un hábeas corpus.

"El Acusado: Sabemos que Vuestro Honor conoce bien el caso, muy bien, pero lo que queremos explicar es ésto, que en la notificación que este acusado tiene dice que en la vista de las mociones y en el caso en su fondo y debido a eso este acusado radicó una moción impugnando y eso no ha sido resuelto todavía.

"El Fiscal: Y a petición de él mismo, Vuestro Honor, se eliminó lo del caso en su fondo en la vista que hubo hace 2 ó 3 días.

"LA CORTE: Se ha hablado de eso. El Tribunal desea que . . . desea decirle a Ud. . . y el Tribunal quiere saber quién es su abogado.

"EL ACUSADO: El abogado mio es la señorita Treviño.

"LA CORTE: Entonces, no va a ser más nadie?

"EL ACUSADO: No he tenido aportunidad de conseguir un abogado por mi situación . . .

"LA CORTE: El Tribunal entiende que Su Señoría ha desacatado al Tribunal. Le impone 30 días de Cárcel por desacato por no haber dicho en el día de hoy en este momento quién es su abogado. 30 días de cárcel por desacato."

La Sala dictó por escrito la siguiente sentencia:

"El Tribunal requirió del acusado que informara qué abogado asumirá su defensa; pero el acusado se negó a informar el abogado que lo representará el día de la vista amparándose en la Orden dictada por este Tribunal el 23 de abril de 1964, en la cual se le nombraba a la Lcda. J. Treviño abogada de oficio del acusado. Se le aclaró al acusado que la Lcda. J. Treviño lo asistiría únicamente en la vista de las mociones y que tenía que informar el abogado que lo representará en la vista de los casos a lo cual el acusado Efraín Lebrón López se negó.

"En tal virtud el Tribunal declara al acusado Efraín Lebrón López incurso de DESACATO al Tribunal y lo condena a sufrir la pena de TREINTA (30) DIAS DE CARCEL, sin costas."

En apelación el apelante manifestó que carecía de asistencia legal y pidió los servicios de un abogado. Este Tribunal le nombró para que lo asistiera al abogado Fernando Pérez Colón. Posteriormente el apelante encomendó su representación legal al abogado Manuel López Carrillo.

La Ley de 1ro. de marzo de 1902 según ha sido enmendada, 33 L.P.R.A. sec. 517, dispone que ". . . el Tribunal Superior . . . tendrán facultad para castigar por desacato a toda persona culpable de cualquiera de los actos siguientes: . . . (2) Obstinada desobediencia, u oposición intentada o realizada contra cualquier decreto, mandamiento u orden legal, expedido o dictado por algun tribunal en un pleito o proceso de que estuviere conociendo, o . . . ." Este Tribunal

nunca será remiso en aplicar en toda la extensión de su fuerza y vigor el precepto de ley mencionado, que va dirigido a mantener y conservar sin menoscabo alguno el prestigio y la dignidad de los tribunales de justicia, y el cumplimiento de sus mandatos, sin lo cual el orden social estaría mal parado. En ésa actitud analizamos los hechos en este caso y forzoso es concluir que no está justificada la condena en desacato.

Cuando finalmente al apelante se le dijo que el Tribunal deseaba saber quién era su abogado, y él contestó "El abogado mio es la señorita Treviño", estaba en lo correcto porque ésa era la situación del récord. Y cuando se le preguntó: "Entonces, no va a ser más nadie?" contestó que no había tenido la oportunidad de conseguir un abogado por su situación. . . . Correcto que el abogado de oficio se había nombrado sólo para los efectos de unas mociones y no para la vista del caso en sus méritos señalada para el día 18 de mayo y que el Juez deseaba saber quién sería el abogado en el juicio en su fondo. Si era cierto que el apelante no había tenido la oportunidad todavía en 1ro. de mayo, cuando ocurren los hechos, de conseguir abogado para el juicio del 18, no era posible que informara en ese momento el nombre de un abogado. Por otra parte, en su sentencia el Tribunal no hace constar como una conclusión de hecho que en realidad el 1ro. de mayo el apelante tenía contratada asistencia legal para su juicio y obstinadamente se negara a decir su nombre. En ausencia de tal conclusión, que tampoco surge del récord, la condena no tendría otra base que el no haber contratado el apelante un abogado entre abril 27 y mayo 1ro., para lo cual dio como motivo su situación. Esto no justificaba el castigo.

*Se absolverá al apelante de la condena por desacato.*